**Keith Anthony INNES,**
**Plaintiff–Appellee,**

v.

**MARITIME OVERSEAS**
**CORPORATION, Defendant–Appellant,**

and

**MV Overseas Juneau, Defendant.**

No. 00–57189.

D.C. No. CV–98–00444–NAJ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 7, 2002.

Decided March 20, 2002.

Before PREGERSON, FISHER, and TALLMAN, Circuit Judges.

**MEMORANDUM** *

Keith Anthony Innes ("Innes") brought an action against Maritime Overseas Cor-

---

* This disposition is not appropriate for publica-   tion and may not be cited to or by the courts

poration ("MOC") alleging unseaworthiness and negligence under the Jones Act. Following a jury trial, a $482,000 judgment was awarded to Innes. MOC appeals this judgment. Because the facts are familiar to the parties, we recount them only as necessary to explain our decision.

MOC contends that the district court erred in denying its Motion for Judgment as a Matter of Law and its Motion for a New Trial. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm. We review de novo the district court's decision to deny MOC's motion for judgment as a matter of law. *See Johnson v. Paradise Valley Unified Sch. Dist.*, 251 F.3d 1222, 1226 (9th Cir.), *cert. denied*, —— U.S. ——, 122 S.Ct. 645, 151 L.Ed.2d 563 (2001). We review a district court's ruling on a motion for new trial for an abuse of discretion. *See Silver Sage Partners Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 818 (9th Cir.2001).

■ Under Rule 50 of the Federal Rules of Civil Procedure, judgment as a matter of law is proper if the evidence, construed in the light most favorable to the non-moving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict. *See Omega Envtl., Inc. v. Gilbarco, Inc.*, 127 F.3d 1157, 1161 (9th Cir.1997). Because reasonable jurors could conclude that MOC was negligent, the district court correctly denied MOC's motion for a judgment as a matter of law.

■ MOC contends that the district court erred in denying, under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), MOC's peremptory challenge of an African–American juror. The trial court's ultimate finding that MOC's peremptory challenge purposefully discriminated against the sole African–American venireperson will not be set aside unless clearly erroneous. *See Hernandez v. New York*, 500 U.S. 352, 364–65, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991). Although a close call, in light of the district court's conclusion that the explanations provided by MOC were pretextual, as well as the deference afforded to the trial judge, the district court did not clearly err in denying MOC's peremptory challenge.

MOC further contends that the district court erred in denying MOC's new trial motion because the jury's finding of negligence was contrary to the clear weight of the evidence.

In *Landes Constr. Co. v. Royal Bank*, 833 F.2d 1365, 1372 (9th Cir.1987), this Court identified "four strictly limited situations" that warrant reversal of a district court's denial of a new trial motion.[1] Because none of the "four strictly limited situations" are present in this case, we will reverse the denial of a new trial only if "the record contains no evidence in support of the verdict." *Id.* We conclude that the record contains sufficient evidence to support the jury's verdict and that the district court did not abuse its discretion when it denied MOC's new trial motion.

MOC finally contends that a new trial should be granted because Innes's damage award is excessive. The jury's finding of the amount of damages must be upheld unless the amount is "grossly excessive or

of this circuit except as provided by Ninth Circuit Rule 36–3.

1. "We will reverse denials of such motions for new trials in only four strictly limited situations: (1) the trial court believes it lacks the power to grant a new trial; (2) it concludes that it may not weigh the evidence; (3) it weighs the evidence explicitly against the wrong standard, i.e., substantial evidence or preponderance of the evidence; or (4) it concludes the verdict is against the clear weight of the evidence but refuses to grant a new trial." *Id.* (internal citations omitted).

monstrous." *See Lambert v. Ackerley,* 180 F.3d 997, 1011 (9th Cir.1999) (en banc). Additionally, the trial court's decision not to allow remittitur should not be reversed unless a "clear abuse of discretion" is shown. *See Los Angeles Police Protective League v. Gates,* 995 F.2d 1469, 1477 (9th Cir.1993). The district court did not abuse its discretion when it declined to grant remittitur or MOC's motion for a new trial. The lower court, after instructing the jury, properly allowed the issue of mitigation of damages to be decided by the trier of fact, in the light of the conflicting medical evidence and other evidence.

Accordingly, the judgment of the district court is AFFIRMED.